NONCE *v.* RICHMOND & D. R. Co.

*(Circuit Court, W. D. North Carolina.* October Term, 1887.)

1. LIMITATION OF ACTIONS—LEX FORI—ACTION FOR PERSONAL INJURIES.

   In an action against a railway company to recover damages for personal injuries sustained, the right to relief is governed by the laws of the state in which action is brought, although it may be barred under a statute of limitation of the state in which the cause of action accrued.[1]

2. NEW TRIAL—OBJECTIONS TO VERDICT—WEIGHT OF EVIDENCE.

   When evidence is conflicting, and the witnesses are of good character, the verdict of the jury, if not manifestly wrong, or improperly obtained, ought not to be set aside by granting a new trial.

At Law. Action for personal injuries.

This was an action brought by W. H. Nonce against the Richmond & Danville Railroad Company to recover compensation for personal injuries sustained while performing his duties as an employe of the defendant. Judgment for plaintiff. Defendant moved for a new trial.

---

[1] A statute of one state, by which a right of action for personal injuries survives, will not be enforced by the courts of another state, where the common law, by which such cause of action dies with the person, is unchanged. Railway Co. v. Richards, (Tex.) 4 S. W. Rep. 627.

*L. M. Scott* and *W. S. Ball*, for plaintiff.

*James E. Boyd* and *Charles Price*, for defendant.

Before BOND and DICK, JJ.

## ON THE TRIAL.

BOND, J., (*charging jury*.) If the jury find from the evidence that the plaintiff, being an employe of the defendant company, was injured in the manner alleged in his complaint while he was in the performance of his duty as such employe, by means of the fault or negligence of another employe of the company (whose orders he was bound to obey) engaged in switching off and making up trains, then he is entitled to a verdict for such damages as the jury may find will compensate him for his injuries. But if the jury find from the evidence that the injury to the plaintiff was occasioned by his own carelessness and disregard of the regulations of the company prescribing and regulating his duties, or that this carelessness and disregard of rules contributed to the injury, then he is not entitled, though the jury may find his co-employes were equally careless.

*Second Cause of Action.* If the jury find from the evidence that the plaintiff was required to remove a faulty coupling pin, (by the yard-master,) he is not entitled to recover, unless the jury find further that the faulty condition of the pin caused the injury to him, and that the plaintiff did not know of its faultiness, and had not used it before.

The jury in their verdict found the issues in favor of the plaintiff, and assessed damages at $1,500. The defendant's counsel then entered a motion for a new trial and assigned as grounds for the motion: (1) The cause of action accrued in Virginia, and there is a statute of limitation in that state barring any such action, unless brought in one year after the injury; and this action was not brought within two years after the cause of action arose. (2) The verdict is contrary to the weight of the evidence. (3) The damages are excessive, being more than a reasonable compensation for the injury sustained. This motion was continued to be heard on argument at Charlotte, at the December term of the court.

## ON MOTION FOR NEW TRIAL.

DICK, J. The injury complained of occurred in the state of Virginia, more than two years before the commencement of this action. There is in that state a statute of limitations that contains a provision, in substance, that every action for a personal injury that would not survive upon the death of the party injured "shall be brought within one year next after the right to bring the same shall have accrued." This action is of the nature mentioned in said provision, and the defendant, under a plea of the statute of limitations, insisted on the trial that the said Virginia statute was applicable to this cause of action, and bars the remedy of the plaintiff in this court, as more than two years had elapsed from the time of the injury alleged to the commencement of this suit. At

the request of the counsel this question of law was reserved for further argument and consideration on a motion for a new trial, if such motion should become necessary. The jury found the issues of fact in favor of the plaintiff, and assessed damages for the injury sustained at $1,500. This reserved question of law was argued at this term before the judges who presided at the trial at Greensboro, and they concurred in opinion that the statute of limitations of Virginia did not apply to this action. As this question was discussed with ability and learning by the counsel of the parties, I deem it proper to file an opinion setting forth some reasons and principles of law upon which the decision of the court was founded.

This action was brought within three years, the period of limitation prescribed by the statute of this state; and such statute is a rule of decision in this court in trials at common law *in cases where it applies.* Ang. Lim. § 24; *Amy v. Dubuque,* 98 U. S. 470. Every state that has a well regulated and enlightened system of jurisprudence has enacted wise and salutary statutes of limitation, and has provided convenient forms and modes of procedure and remedy in its courts; and will not in a mere spirit of comity adopt and enforce the laws of other states upon this subject, which laws the courts cannot judicially know except as matters of fact proved by evidence. *Hooper v. Moore,* 5 Jones, (N. C.) 130; *Haws v. Cragie,* 4 Jones, (N. C.) 394. All statutes of limitations are arbitrary in their character, and represent the legislative opinion of a state as to the best policy of promoting and securing the welfare of its own citizens by giving repose to society in matters of long-delayed litigation. They are statutes of the forum, and operate alike on persons and things within the local jurisdiction where they are laws. When pleaded by way of defense they apply only to the remedy, and do not controvert the merits of the cause of action. They do not extinguish rights; and in the case of contracts a subsequent promise, if sufficiently definite, will restore the remedy. It was a rule of the common law that a right never dies, and there was no limitation to actions on contracts, and only one as to torts in the maxim *actio personalis moritur cum persona.* Human experience and the wisdom of the advanced civilization of modern times, gave rise to the beneficial policy of statutes of limitation intended to operate as statutes of repose, not by extinguishing rights, but by restricting the remedies of the courts to persons—diligent in business—who in the reasonable periods prescribed would seek the enforcement of their rights, and thus settle matters of vexatious controversy and litigation. The several states of the union have enacted statutes limiting remedies in their courts, and when they operate prospectively, and allow remedies that are reasonable and convenient, they are regarded as not impairing the validity and obligations of contracts or unjustly disturbing vested rights. A state may in such statutes discriminate against non-resident creditors, provided some convenient and reasonable time is allowed them for bringing their actions in such state. *Bacon v. Howard,* 20 How. 22. It is the duty of every state to protect, secure, and enforce the natural inherent rights of personal security, personal liberty, and private property of every person re-

siding permanently or temporarily present within its territorial limits; but it can do so in accordance with its own views of expediency, propriety, and justice in legislating for its own citizens. Statutes of limitations are universally regarded as peculiar and local laws, operating exclusively within the bounds of the state that enacts them. *Haws* v. *Cragie*, 4 Jones, (N. C.) 394.

There are some rights and some injuries strictly local, and can be enforced and remedied only in the state in which they subsist or occur. This class of cases includes rights and injuries relating to real property, to penalties and forfeitures, to prosecutions for crime, to proceedings *in rem*, to claims against executors and administrators, and other local public officers, and to rights that do not exist at the common law, but are created by statute and expressly limited in their enforcement to the courts of the sovereignty conferring such new rights. In these cases, if an action is not instituted within the period prescribed by the local statutes of limitation, lapse of time not only operates as a bar to the remedy, but as an extinguishment of the right of the negligent claimant; as he can seek no other forum for redress. In most, if not in all, of the states there are statutes operating in the nature of prescriptions, which provide that when property is openly and adversely held for a specified period of time, the holder shall acquire a title by such adverse possession, and such title will be regarded valid everywhere against the original owner, where he has had reasonable opportunity of asserting his rights and has failed so to do. There is a clear distinction between statutes giving title by prescription arising from adverse possession, and such as only limit the remedy as to the time of bringing suit. This distinction has been clearly defined and established by many adjudged cases. *Townsend* v. *Jemison*, 9 How. 407; *Campbell* v. *Holt*, 115 U. S. 620, 6 Sup. Ct. Rep. 209. Parties to contracts may, within the rules of law, make almost any terms they please about performance of the obligation. They may expressly stipulate that an action on such contract shall be brought within a certain period of time,—less than is provided in the local statutes of limitation,—or the rights of the delinquent party shall be extinguished; and such stipulation, if free from fraud, will bind the parties, and be regarded as valid in courts of law. The essential elements in every contract are the intention and agreement of the parties, and, when clearly ascertained by the reasonable rules of construction, will be carried out in legal proceedings. *Riddlesbarger* v. *Insurance Co.*, 7 Wall. 386.

We have thus briefly referred to these causes of action that are of a special or local nature, in order to more clearly observe the distinction between local and transitory actions. In the early ages of the common law all actions were local, and all issues of fact were required to be tried and determined by a jury of the vicinage; but, in the course of time, the courts, guided and influenced by the dictates of reason, the principles of justice, the circumstances of the nation, and other considerations, motives, and purposes so well expressed by Chief Justice MARSHALL in the case of *Livingston* v. *Jefferson*, 11 Myers, Fed. Dec. § 1695, established a distinction between local and transitory actions. "The distinction taken

is that actions are deemed transitory when the transactions on which they are founded might have taken place anywhere, but are local where their cause is in its nature necessarily local." This distinction has been recognized in the courts of England and this country in many decisions. I think the rule is universal in its application that, if there is no statutory prohibition, a plaintiff in a transitory action may seek his remedy in any state where its courts, by due service of process, properly acquire jurisdiction of the parties defendant; and the laws of the place of the venue regulate all matters pertaining to the remedy. In matters relating to contracts, to torts to the person or to personal property, or, when a statutory personal right is not expressly confined to the territorial limits of the sovereignty that created it,—the right of redress and enforcement accompany the person and may be made available in any country where the wrong-doer may be found. *Dennick* v. *Railroad Co.*, 103 U. S. 11. In such transitory actions defendants are not deprived of any means or opportunities of defense that go to the merits of the action, unless such merits have been determined by a previous judgment; but they can only avail themselves of the statutes of limitation that are in force in the forum where the suit is pending. They may have contracts construed, and their validity determined, by the laws of the place where such contracts were made. In matters relating to the performance of contracts, the laws of the place of performance will prevail. Matters respecting the remedy depend upon the laws of the place where the suit is brought. *Scudder* v. *Bank*, 91 U. S. 406. For the purpose of showing how strictly the supreme court of the United States has adhered to these principles of law in regard to the application of the limitation laws of the forum as a matter of remedy in actions there pending, I will refer to two cases that may be regarded as extreme and "hard cases." In *Bank* v. *Dalton*, 9 How. 522, the plaintiff sued upon a judgment which had been obtained in Alabama, and was in full force in that state, where both parties had been residents until the day before the bringing of the action in the United States circuit court for the district of Mississippi. The laws of Mississippi did not operate on either party, nor on the judgment, until the day on which the suit was commenced, and yet the court was constrained to decide that this statute of limitations, when pleaded by this new citizen of the state, was a rule of decision that could not be disregarded.

The case of *Christmas* v. *Russell*, 5 Wall. 290, presents a different phase of the question, and one seemingly at variance with the general policy of statutes of limitation as statutes of repose in matters of long delayed litigation. The action was brought in the United States circuit court for the district of Mississippi, upon a judgment obtained in the state of Kentucky. The note upon which the judgment was obtained was executed in the state of Mississippi, the residence of the original parties more than ten years before the commencement of the action in Kentucky, and five years after the local statute of limitations had barred a remedy. The note was assigned to a citizen of the state of Kentucky, who instituted an action, and process was served on the defendant while on a visit to

that state. The local statute did not bar this action, and the defendant, *without success, pleaded the statute of Mississippi, the place of the contract.* The judgment in this action concluded the subject-matter between the parties. The original note was merged in this second debt of a higher nature, but it could be enforced in another state only by a new action. In a short time afterwards an action was brought on this judgment in the United States circuit court for the district of Mississippi, and the defendant pleaded a statute of that state, barring actions on all judgments obtained under such circumstances as attended this judgment. This statute was held to be unconstitutional, as it was not in the nature of statutes of limitation, as it attempted to destroy the right without affording any remedy to such judgment creditor.

I deem it unnecessary to cite other cases to show how well settled is the principle, as to actions on contract, that the constitutional laws of a state where suit is brought regulate all matters relating to process, procedure, and remedy. The counsel of the defendant on the argument conceded that this doctrine was established as to actions on contract, but insisted that it had not been applied to actions *ex delicto* by any express decision of the courts. In my limited investigation I was surprised at not finding some direct adjudication upon the question involved in this matter; but I know of no reason why the principles that regulate actions on contracts should not be applicable to the remedy for torts. To my mind, the fact that no adjudications can be found furnishes strong evidence that there is no distinction on this subject between actions *ex contractu* and *ex delicto*. If such distinction exists, it certainly would have been observed by able and acute lawyers, and would long since have been settled by the courts. I feel sure that so many learned and able judges and accurate text writers would not have so often stated as a general principle of law, well established in England and this country, that the defense of the statute of limitations is governed by the *lex fori*, if actions of tort, which have been of such frequent occurrence, were exceptions to the general rule. There are more plausible reasons why this doctrine of the *lex fori* governing the remedy should not apply to contracts than there are as to torts to the person. Contracts are made by the parties with care and deliberation, and with a clear understanding as to their rights and obligations; and they generally have reference to the law of the place where the contracts are made. Such laws enter into and form a part of contracts, subject to the power of the legislature of such state to change the remedy, provided no substantial right secured by the contract is impaired. *Walker* v. *Whitehead*, 16 Wall. 314. The *lex fori* is never contemplated by the parties unless they make a particular state the place of performance; and it may well be insisted that contracts should always be enforced in accordance with the original understanding and situation of the parties. Such a doctrine seems to have the spirit of natural equity and justice. Delay in the enforcement of contracts more frequently occurs from a kindly spirit of indulgence than from carelessness and negligence, and it seems to be only common justice that the indulgent creditor should have the benefits of such rem-

edy as was provided by the *lex loci contractus*, well known to the debtor when he assumed the obligation.

Different considerations and elements are involved in affording remedies for civil torts. They are wrongs independent of contract, and are generally caused by acts of misfeasance or malfeasance that result in injury to the person or property of another. Where they affect the person, the party injured has a natural inherent right of redress that should be recognized and enforced in any court that can acquire jurisdiction, and administer justice in accordance with the principles of the common law. Where a wrongful act to the person amounts to a crime there are good reasons why the prosecution should be local. It is an act done in disregard of social duty,—is an offense "against the peace and dignity of the state,"—and causes public disquietude and alarm. One of the principal objects of punishment is to deter others from committing offenses of the same kind, and the example will be far more effectual if made in the community where the wrongful act was committed. But a tort to the person, although alleged in the formal and technical language of pleading as *contra pacem*, is only a civil injury in contemplation of law; and the right of redress, like any other personal right, accompanies the party injured wherever he may go and have opportunity to enforce his remedy. Torts to the person often unexpectedly occur when the injured party is absent from home in the midst of strangers, and cannot conveniently, promptly, and effectually seek redress for his injury in the local court. It certainly would be a strange inconsistency in the law to allow a person to bring a transitory action for the breach of a contract in the forum of his choice and have the facilities and benefits of its remedies, and then deny to him such advantages in an action for an injury to his absolute right of personal security against wrong.

The law is well settled by numerous decisions in England and America that an action for a tort to the person, to personal property, or to reputation, recognized as injuries at the common law, can be maintained wherever the wrong-doer is found, without regard to the place where the cause of action originated. *Mostyn* v. *Fabrigas*, 1 Smith, Lead. Cas. 1027; *Bernhard* v. *Greene*, 3 Sawy. 233; *Dennick* v. *Railroad Co.*, 103 U. S. 11; Cooley, Torts, 470. This doctrine also applies to causes of action arising out of contracts and torts on navigable inland waters and on the high seas in any part of the globe, and courts of common law have concurrent jurisdiction with courts of admiralty, and may proceed *in personam* to furnish adequate redress. *Schoonmaker* v. *Gilmore*, 102 U. S. 118; *Wilson* v. *McNamee*, Id. 572. The act complained of must, however, be a tort at common law or by statute in the place where committed, for the merits of the cause of action are determined by the laws of the place where it arose; but the mode of procedure and remedy, including statutes of limitation, are solely regulated by the laws of the place where the action is brought. A cause of action arising under a statute may be made local by the express terms of the statute; and, if the provisions of such law are not complied with, the rights thus conferred may be extinguished, and cannot be enforced in the courts of another state. Many

of the states,. if not all, have enacted statutes taking certain torts resulting in death out of the common-law maxim, *actio personalis moritur cum persona*, and allow actions to be brought by personal representatives for the benefit of the wife and children of the deceased. Some of these statutes make this new right and remedy local, while others create the right without any local limitation, and suit may be brought like the ordinary transitory actions at common law. *Dennick* v. *Railroad, supra.* Every state has enacted limitation laws applicable to torts committed within its own limits, and provided its own forms of action and modes of procedure for the redress of injuries in its own courts. As a state court can, by due service of process, acquire jurisdiction to try actions for torts in other countries, and even upon the high seas, where all nations have a common jurisdiction, and are interested in the prevention and redress of wrongs, I can conceive of no good reason why it should not exercise complete, independent, and uniform jurisdiction, in accordance with its own forms and mode of procedure and remedy amply sufficient for the administration of justice between the parties to an action. It could not conveniently and uniformly apply any other limitation laws to actions for torts committed out of the state than those provided for the same kinds of local torts. A court cannot know the limitation laws of other states, and the construction placed upon them by the local tribunals, and must depend upon evidence for such knowledge, and not upon judicial learning. If, in trying cases, it is bound to recognize and enforce the limitation laws of other states and nations in which torts have occurred, then its administration of justice would be greatly wanting in regularity, uniformity, and consistency,—matters deemed so essential in judicial proceedings.

Many of the states, influenced by the suggestions of eminent text writers and judges, have made provisions in their statutes of limitation that, where an action is barred by the laws of another state in which a defendant had resided during the entire period of limitation in such state, then it shall also be barred in those states. As far as I have been able to examine such statute provisions, they apply only to actions on contract, and are regarded as departures from the general policy of statutes of limitation, and are strictly construed; and defendants must show that, in all respects, they come within such provisions. The enactment of such statutes is an expression of legislative opinion that foreign limitation laws cannot be made available in a state court without special statutory provision to that effect.

The plaintiff in the case before us brought his action in a court of this state for a tort at common law, which occurred in the state of Virginia, while he was in the employment of the defendant. He is a citizen of this state; and in a few months after the injury he returned to his home, where he remained in the service of the defendant for more than a year, when he was discharged. This action was commenced within the period prescribed by the statute of limitations of this state, and it was removed on the petition of the defendant to this court, and in our decision upon this reserved question of law we felt it to be our legal duty to rec-

ognize and enforce his rights in accordance with the remedy afforded by the laws of this state.

On the second ground set forth in the motion for a new trial the court was of opinion that the facts found by the jury could not be re-examined otherwise than according to the rules of the common law as they prevail in this state. A court can properly decide questions as to what evidence is admissible, and whether any evidence has been offered tending to prove particular facts in issue; but it is the peculiar province of a jury to determine the weight and sufficiency of evidence, and in civil cases, where the testimony is conflicting, find their verdict in accordance with the preponderance. Unless a verdict was influenced by partiality, prejudice, or some other improper cause, or is manifestly wrong, a court ought not to set aside the deliberate finding of a jury on matters of fact, by granting a new trial. In this case the testimony was conflicting, all the witnesses were proved to be men of good characters, and the intelligent jury, after hearing the able argument of counsel, found the preponderance of testimony in favor of the plaintiff; and the court could see no good reason why their verdict should not be conclusive as to the facts involved.

Upon the question as to the amount of damages assessed by a jury a court has a more enlarged discretion, and a sense of duty often influences a court to set aside a verdict for damages clearly excessive. In this case there was no conflicting testimony as to the extent of the injury, and the court was of opinion that the amount assessed by the jury was more than a reasonable compensation for the injury sustained, and there were no grounds for exemplary damages. The court informed the counsel of the plaintiff that unless they would consent that the amount of damages assessed by the jury be reduced to the sum of $750, the verdict would be set aside, and a new trial granted. The terms were accepted by counsel, and judgment was signed for the amount indicated by the court.