### C. B. ROUSS v. J. H. DITMORE.

(Decided May 24, 1898.)

*Action for Goods Sold and Delivered—Statute of Limitations—Fraud—Remedy.*

1. After an action for goods sold and delivered has been barred by the Statute of Limitations, the discovery by the plaintiff that the vendee used fraud in the purchase of the goods will not revive the cause of action.

2. The remedy by the vendor of goods obtained by the fraud of the purchaser, first discovered after the action on the contract has been barred, is by an action for damages under Section 155(9) of *The Code* as amended by Chapter 269, Acts of 1889.

CIVIL ACTION tried before *Robinson, J.*, and a jury at August Special Term, 1897, of SWAIN County Superior Court.

The action was brought in May, 1895, and was for the recovery of the sum of $1,006.95, due as a balance for goods and merchandise purchased by the defendant from the plaintiff in 1889. The plaintiff alleged in his complaint that at the time of the sale and delivery of said goods and merchandise the defendant executed to the plaintiff two mortgage deeds for the said balance, conveying lands in Swain county to the plaintiff as security for said goods and merchandise, and which amount was payable three months from the date of said sale and delivery of the said goods. The plaintiff alleged that the defendant, in order to obtain said goods and merchandise, falsely and fraudulently represented the lands conveyed in the said two mortgages to be worth $1,500 in cash; and that the defendant well knew at the time of the alleged fraudulent representation that the lands so mortgaged were not worth exceeding the sum of $50, and that the said false and fraudulent representations were made with the intention of cheating and defrauding the plaintiff out of his goods and merchandise. That the plaintiff, relying on the representations so made by the defendant, and believing the same to be true, sold said goods and merchandise to the defendant. That the said sale was made by the plaintiff on the 31st day of March and 18th day of July, 1889, and the mortgage deeds were executed on the 18th day of May, 1889, and on the — day of May, 1889, all the goods and merchandise were delivered to the defendant except $100 worth, which were delivered on the 18th day of July, 1889. The defendant plead payment and the statute of limitations.

Upon the readings of the pleadings the defendant moved to dismiss the action on the ground that the sale was alleged to have been made in 1889 and the suit was not brought until 1895.

Rouss *v.* Ditmore.

It was alleged in the complaint that the plaintiff did not discover the representations made by the defendant in order to obtain credit, which were false and fraudulent, and made with the intent to cheat and defraud plaintiff, until the spring of 1895, at which time plaintiff brought suit for the recovery of the amount due him.

The Court intimated an opinion that the plaintiff's action was barred by statute of limitations, notwithstanding the representations made by the defendant to the plaintiff in order to obtain the goods and merchandise so purchased, and notwithstanding the plaintiff did not discover that the representations were false and fraudulent until 1895.

The plaintiff offered to introduce the said mortgage deeds, both under seal, and to also introduce evidence showing that the property mortgaged was not worth over $50, and that the defendant had represented the property to be fine property (one acre in the centre of the town of Bryson City, and on a main street and suitable for either residence or business property), and that all these representations were false and fraudulent, and made by the defendant with intent to defraud the plaintiff.

The plaintiff offered to prove all the allegations contained in his complaint, but the Court held that on the pleadings the action was barred and would not allow any proof whatever to be offered by the plaintiff, holding that under no circumstances could the plaintiff recover. Thereupon, the plaintiff submitted to a non-suit and appealed.

*Messrs. R. L. Leatherwood* and *W. W. Jones* for plaintiff (appellant).

No counsel *contra.*

Faircloth, C. J.: This action was commenced in 1895 for balance due on an account for goods sold and delivered in 1889. Defendant gave a mortgage to secure the account on real estate. He plead payment and statute of limitations. Plaintiff alleges in his amended complaint that defendant, with a fraudulent intent, represented that the real estate mortgaged was worth $1,500 whereas in fact it was not worth more than $50. Upon these facts his Honor held that the action was barred and proceeded no further. Non-suit and appeal.

The Act of 1889, Chapter 269, amends *The Code*, Section 155(9), and subjects all actions to the same rule whether heretofore cognizable solely in a court of equity or not. *Alpha Mills* v. *Engine Company*, 116 N. C., 797. That action was for damages on a false warranty. The present action is not for damages for any fraudulent conduct on the part of the defendant, but is for the balance due on an account for goods sold. The amended complaint is only a reply to an effective defence pleaded, and is not the cause of action alleged in the original declaration. At common law there was no time limited to bring an action. In the course of events, the courts of equity, being impressed with the inconvenience and frequent injustice of enforcing stale demands, adopted certain periods of time after which they would presume payment or satisfaction in some way. The courts of law, in analogy, enacted statutes of limitations, and also observed the rule of presumptions, which had been introduced by the courts of equity. Accordingly the Statute, James I, superseded all previous attempts at limitations on actions, and that statute is still in force in England and in most of the States in the United States, with such modifications as to length of time, etc., as the States have desired. Statutes of limitations act merely

upon the remedy, but do not extinguish or discharge the claim. They destroy the remedy unless it is enforced within the specified period, and the bar is not removed by anything less than a new promise or some acknowledgement or act consistent with such promise, whereas a presumption is overcome by sufficient proof that the debt has not been paid, or satisfactory circumstances to account for the delay of the creditor in failing to prosecute his claim.

If the plaintiff had alleged as his cause of action the alleged and concealed fraud, then the time of its discovery would probably have availed him, if within the statutory period. He seems to have relied on the integrity of his debtor. If there was no fraud, the remedy was barred. If there was fraud, the remedy, after it was discovered, was damages therefor, and was plaintiff's cause of action instead of the balance on his account, which was barred by time. We find no error in the record.

Affirmed.