165 So. 761

STATE BOARD OF ADJUSTMENT et al. v. STATE ex rel. SOSSAMAN.

3 Div. 162.

Supreme Court of Alabama.

Feb. 13, 1936.

Files Crenshaw, Jr., of Montgomery, for appellants.

Geo. A. Sossaman, of Mobile, for appellee.

KNIGHT, Justice.

The proceedings in this cause were instituted by the state of Alabama, on relation of George A. Sossaman, as administrator of the estate of Leo Lambele, deceased, seeking by mandamus to require the state board of adjustment to hear, consider, and determine, "upon its merits," a claim filed by said Sossaman, as administrator of the estate of Leo Lambele, deceased, against the state of Alabama.

It appears from the petition that the said Lambele met his death by coming into contact with "an electrified rail upon the property of the Alabama State Docks Commission in Mobile, Alabama."

In a suit against the Alabama State Docks Commission, there was judgment in favor of the personal representative of said decedent, but this court, on appeal, reversed the judgment of the circuit court of Mobile, and in which we held that the Alabama State Docks Commission, being an agency of the state, could not be sued.

At the regular session of 1935 Legislature of Alabama, an act was passed, and approved by the Governor on September 14, 1935, creating a *state board of adjustment*. By this act the duties, powers, and jurisdiction of the board were clearly and definitely defined. General Acts 1935, p. 1164.

Section 2 of the act provides, in part, that the board of adjustment "shall have power and it shall be its duty to hear and consider all claims for damages to the persons or property growing out of any injury done to either persons or property by any of the agencies of the State of Alabama; also, to hear and consider any claim for personal injuries or death of any employee of the State of Alabama, or its commissions, boards, agencies or institutions arising out of the course of his employment, or sustained while engaged in the business of the State of Alabama or any of its boards, institutions, agencies or commissions, and also any claim for personal injuries or death of any convict. *The jurisdiction here granted shall include claims for past and future injury to persons or property, or death."* (Italics supplied.)

Section 8 of the act provides: "All the provisions of this Act shall apply to claims for damages to persons or property which *have accrued* or which are now pending or which may hereafter arise." (Italics supplied.)

Section 11 of the act, so far as here pertinent, is as follows: "Said board may prescribe such forms and adopt *such* rules of evidence and procedure as it may deem necessary or proper, *not inconsistent with this Act."* * * * (Italics supplied.)

It is also provided in section 2 of the act: "When claims are properly prepared and presented to the board, and after ascertaining the facts in the case, the board is directed to determine the amount of the injury, death or disability, or other injury arising from contract or business, and to fix the damages, using as its guide the ordinary rules af negligence and workmen's compensation laid down by the courts and the moral obligation of the State of Alabama and to decree and find the person entitled to payment and the amount, if any, which should be paid, and any other facts necessary for a proper adjustment of claims."

Under the supposed authority conferred upon it by the act, the board of adjustment made and promulgated certain rules, among them rule X, which, so far as it affects the case, we quote: "(a) The board will not hear or consider any claim against the State which claim as between citizens of the State could not be enforced in a court of law or equity. (b) The board will not consider any claim, which claim is not included or embraced in a bill introduced in the 1935 session of the Legislature, or, which if introduced, failed of passage and approval in any Legislature prior to 1935. (c) Claims included or embraced in bills introduced in the 1935 session of the Legislature which failed of passage by reason of an adverse vote in either House or which received adverse action by a committee of either House. (e) Claims where the cause of action arose before 1931."

It would appear from the sworn petition for mandamus, the answer of the respondents, and from the facts stated in the bill of exceptions, that the claim filed with the state board of adjustment presented a case for the consideration and determination of the board on its merits, but the board declined to hear and consider the claim because of rule 10, previously adopted by the board. In other words, the claim was treated as being barred by the time limitation fixed by the board in rule 10.

The court, on submission of the cause, ordered mandamus to issue to respondents as prayed for, directing and commanding said board, and the individual members thereof, "to hear and consider, upon its merits, the claim for damages of George A. Sossaman, as administrator of the estate of Leo Lambele, deceased."

From this judgment the present appeal is prosecuted.

■ It would seem that the plain, certain, and unambiguous terms of the act creating the state board of adjustment leave no room to doubt that petitioner was entitled to have his claim heard and determined on its merits, and that by adopting the rule in question, the state board of adjustment exceeded its statutory authority.

The act nowhere limits claims to be considered by the board to such cases as may have occurred within any given past period of time. To the contrary, both by sections 2 and 8, the jurisdiction conferred upon, and granted to, the said board included claims *for past* and *future* injury to persons or property, or death.

By rule 10 the state board of adjustment has attempted to ingraft upon the act a period of limitation, which the act does not warrant. In prescribing and promulgating rules, the board is limited to the adoption of rules of evidence and procedure, and such rules, by the very terms of the act, must not *be inconsistent with any of' the provisions* of the act. In adopting rule 10, the board has simply, without authorization by any provision of the act, attempted to prescribe a period of limitation, which is wholly inconsistent with the act itself. This it cannot do.

"Limitations are created by statute and derive their authority therefrom; they are legislative and not judicial acts." 37 Corpus Juris, 686, § 6; Hauenstein v. Lynham, 100 U.S. 483, 488, 25 L.Ed. 628; Riddlesbarger v. Hartford Fire Ins. Co., 7 Wall. 386, 19 L.Ed. 257; Jackson Hill Coal & Coke Co. v. Board of Com'rs of Sullivan County, 181 Ind. 335, 104 N.E. 497; Wilcox v. Fitch, 20 Johns (N.Y.) 472; Rouss v. Ditmore, 122 N.C. 775, 30 S.E. 335.

■ There was no such thing as a limitation of action at common law. The right is wholly statutory, and there are no exceptions to the statute except those made in and by the statute itself. Vance v. Vance, 108 U.S. 514, 2 S.Ct. 854, 27 L. Ed. 808; Burks' Plead. & Pract. 379; Johnson et al. v. Merritt et al., 125 Va. 162, 99 S.E. 785.

At common law, actions ex contractu were subject to no limitations, and actions ex delicto were subject only to the limitation expressed in the maxim actio personalis moritur cum persona. Green v. Disbrow, 79 N.Y. 1, 35 Am.Rep. 496; Nonce v. Richmond, etc., R. Co. (C.C.) 33 F. 429.

The Legislature which created the state board of adjustment did not see proper to write into the statute a period of limitation, and the state board of adjustment, in adopting rule 10, has attempted to exercise legislative power which it does not possess. By its action, the board has circumscribed the operation of the act in a manner and to an extent not permitted by the act. The plain duty of the board is to administer the law as it is written. With its wisdom or unwisdom in not specifying a period of limitation, neither the board nor this court is concerned. To correct any defects or omission, resort must be had to the Legislature. It is the physician.

It is to be noted that in the states of New York, Massachusetts, Illinois, South Carolina, Iowa, Arizona, Arkansas, Utah, and Idaho, where similar boards have been created, a period of limitation is written into the law.

It is our judgment and conclusion that the state board of adjustment was without power to adopt, and to enforce rule 10, and the circuit court of Montgomery county properly so ruled. Its judgment is due to be affirmed, and it is so ordered.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.