167 So. 548
**TOWN OF LINDEN v. AMERICAN-LA FRANCE & FOAMITE INDUSTRIES, Inc.**

2 Div. 77.

Supreme Court of Alabama.

April 16, 1936.

168

J. Paul Jones, of Linden, for appellant.

McKinley & McDaniel, of Linden, for appellee.

THOMAS, Justice.

The suit was for the purchase of a fire truck and equipment.

The complaint is rested upon two notes given pursuant to resolution and contract, and executed in the name of the municipality, by its mayor, attested by its clerk, and authenticated by the official seal affixed.

The initial resolution authorizing the purchase and the resolution in consummation thereof are shown by the official minute or ordinance book of the municipality admitted in evidence. This was supported by the evidence of the mayor as to the purchase and the belated delivery of the equipment by the vendor.

The case was tried by the court without a jury. When a case is so tried, in order to present the rulings of the trial court on the rejection or introduction of evidence for review, challenge by a due objection and reservation of an exception to such rulings must be shown. Where this is not shown by the bill of exceptions, nothing is presented for review.

The counts of the complaint are substantially in Code form, and not subject to the demurrer directed thereto. Code, § 9531, form 1; Kilgore v. Kimbrell, 231 Ala. 148, 163 So. 896; Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853.

The presentation for payment to the clerk, under the statute, section 1907, Code, is in the nature of a nonclaim and matter to be presented as a defense. Com-

plaints and counts are not required to aver such presentment as a prerequisite to the commencement of such a suit. If a suit is begun within the time, it is sufficient presentation—that is, within the limitation pertaining to such an action. Section 8941 et seq., Code; Anderson v. City of Birmingham et al., 177 Ala. 302, 58 So. 256; Alabama City, G. & A. Ry. Co. v. City of Gadsden, 185 Ala. 263, 64 So. 91, Ann.Cas.1916C, 573; Town of Athens v. Miller, 190 Ala. 82, 66 So. 702; Perrine v. Southern Bitulithic Co. et al., 190 Ala. 96, 66 So. 705; City of Huntsville v. Goodenrath, 13 Ala.App. 579, 68 So. 676; City of Birmingham v. Jones, 228 Ala. 160, 153 So. 213; Elmore County, Ala., v. Moon (C.C.A.) 293 F. 297. In the instant counts the due date of the city's obligation was fixed by contract, and suit brought within the limitation of the statute counted from the due date.

■ There are several classes of pleas. The sustaining of demurrer thereto is well illustrated by the ruling as to pleas 7, 8, and 9. The municipality had the authority to purchase the equipment for its fire department after due resolution to that end. Under its governmental powers a city may act for the public good (Long v. City of Birmingham, 161 Ala. 427, 49 So. 881, 18 Ann.Cas. 507), and in that behalf, without calling for competitive bids, if not offensive to section 225 of the Constitution. In Van Antwerp et al. v. Board of Com'rs of City of Mobile et al., 217 Ala. 201, 204, 205, 115 So. 239, 242, it is declared:

"Code, § 1993 (1252), declares no ordinance or resolution or permanent operation shall be passed at the same meeting at which it is introduced, except by unanimous consent expressed by yea and nay vote entered on the minutes.

"In Pierce v. City of Huntsville, supra, [185 Ala. 490, 64 So. 301], certain improvement ordinances and resolutions were held not of 'permanent operation,' within the meaning of section 1252, Code of 1907.

"That section brought forward as section 1993, Code of 1923, was amended so as to provide:

"'The council shall award no contract on bids except by resolution or ordinance of permanent operation.'

"The effect is to bring resolutions awarding contracts required by law to be upon competitive bids, and so awarded within the definition of a resolution of 'permanent operation' under that section."

"The letting of contracts by other methods, when authorized by law, is not within the terms of the amended section."

The words "permanent operation" in the statute (section 1993, Code) are held to refer to or mean an ordinance which continues in force until repealed. Michael v. State ex rel. Welch et al., 163 Ala. 425, 50 So. 929; Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301; Holley v. Brunson, Mayor, 221 Ala. 572, 130 So. 173.

There was no reversible error in sustaining the demurrer to such pleas.

■ Demurrer was likewise sustained to amended pleas B, C, and D, averring, as they do, that the notes were given without the authorization of an election by the inhabitants of that municipality.

The suit was not upon a bond requiring such authorization, but was founded upon promissory notes given in the purchase, on deferred payments, of equipment for the fire department. The provisions of section 222 of the Constitution have application to the issue of bonds and do not prohibit such purchases of equipment for fire departments made on time payments, as evidenced by the notes declared upon.

■ Pleas E and G averred the fire truck delivered was not in "good condition" or was "worthless"; this was but a statement of the conclusion of the pleader without setting out the facts. Dwight Manufacturing Co. v. Holmes, 198 Ala. 590, 73 So. 933. That is to say, was but a general denial of indebtedness that was available under the general issue.

■ The sustaining of demurrer to plea F, with its omissions and blanks as to the municipal indebtedness and value of taxable property within the corporate limits, was free from error.

■ The lower court properly sustained demurrer to plea G. The complaint avers that the contract of sale and purchase was with the provision: "It is understood that the Company makes no warranty whatsoever on used or rebuilt apparatus and that this apparatus is sold 'as is' unless otherwise specified herein. Plaintiff avers that said apparatus was 'used or rebuilt apparatus,' and that there was nothing 'otherwise specified' in said contract as to the condition of said apparatus, and that the same was sold by plaintiff and purchased by defendant in its then condition." That plea was traverse to the complaint denying

its recitals. No facts are averred showing fraud in procurement of the contract, or in its execution and effectuating the delivery of the apparatus so purchased.

There is no plea denying that said notes were not duly presented for payment before suit was brought (City of Huntsville v. Goodenrath, 13 Ala.App. 579, 68 So. 676, and authorities cited above); and this record shows that the suit was filed on August 23, 1934; that the last note under the contract became due and payable, according to its tenor and that of the contract in evidence, on January 1, 1932.

We find no reversible error presented by the bill of exceptions—as to the admission or rejection of evidence.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.