12 So.2d 347

### KIRKLAND v. JEFFERSON COUNTY.
#### 6 Div. 115.

Supreme Court of Alabama.

Feb. 25, 1943.

Clarence Mullins and Harvey Deramus, both of Birmingham, for appellee.

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellant.

**BROWN, Justice.**

Special assumpsit—a common law action —by appellant against the appellee, the County of Jefferson, to recover money alleged to be due him for services rendered under *employment* by the county as a deputy sheriff at a salary of one hundred and seventy-five dollars per month. See Jefferson County v. O'Gara et al., 239 Ala. 3, 195 So. 277.

The complaint states the case in two counts averring such employment, and further averring that "by subsequent Resolutions duly and legally adopted by said County Commission" plaintiff's salary was reduced from time to time, and after the last of September the defendant failed to pay the full amount due by $12.96 per

month, until his employment terminated on January 15, 1935, aggregating $199.33, which he claims with interest as still due and unpaid.

The defendant among other pleas filed the plea of the general issue, and pleas 9 and 11.

Plea 9 is in the following words: "For further answer the defendant says that the plaintiff's cause of action is barred by the statute of limitations of six years."

Plea 11 is: "For further answer the defendant says that the plaintiff's claim for work and labor done, here sued upon, is barred by the statute of limitations of six years."

The plaintiff demurred on grounds, among others:

"For that it affirmatively appears that there is no statute of limitations applicable to the cause of action sued on."

"50. For that said plea 9 is an immaterial plea in that same presents and tenders an immaterial issue."

"52. For that said plea 11 is an immaterial plea in that same presents and tenders an immaterial issue."

The court overruled the demurrer, and because of the ruling the plaintiff took a nonsuit and brought this appeal.

 The insistence is that the plaintiff's right of action does not arise out of a contract or the breach thereof, and is not subject to our statute of limitations.

This contention, as to the basis of the right of action, is clearly inconsistent with the averments of the complaint that, "Plaintiff was employed by the defendant as a deputy sheriff at a salary of one hundred and seventy-five dollars" per month. This averment connotes a contractual relation of employer and employee. 54 C.J. p. 1124, § 4.

Salary earned and unpaid is unquestionably a debt, whether it be owing by agency of government or individual. 54 C.J. pp. 1120, 1121, § 1. This is in effect conceded by the claim of interest on the alleged balance due.

Our statutes of limitation as applied to actions at law or in equity appear to be all inclusive. Section 16, Code 1940, T. 7, provides that there shall be no limitation within which the state may bring actions to recover lands; § 17 contains like provisions as to municipal corporations, and § 18 provides: "All other civil actions, in law

or equity, must be commenced after the cause of action has accrued within the period prescribed in this chapter and not afterwards, unless otherwise specifically provided for in this Code." Code 1940, T. 7, § 18.

And § 21 provides: "The following must be commenced within six years: * * * Actions upon *any simple contract* or specialty, not herein specifically enumerated." Code 1940, T. 7, § 21. [It. sup.]

The pleas drawn under this subdivision of the statute of limitations are substantially in the form prescribed by the statute, Code 1940, T. 7, § 233, form 35. The demurrer to said pleas was therefore overruled without error.

State Board of Adjustment et al. v. State ex rel. Sossaman, 231 Ala. 520, 165 So. 761, was dealing with the statute creating the said State Board of Adjustment and its jurisdiction to consider rights arising under said acts, not cognizable at common law. What was there said is not applicable here.

The rulings of the circuit court being free of error, the judgment is due to be affirmed.

Affirmed.

All the Justices concur.