80 So.2d 523

ALEXANDER CITY

v.

CONTINENTAL INSURANCE CO.

5 Div. 576.

Supreme Court of Alabama.

May 12, 1955.

516

Mullins & Byrd, Alexander City, for appellant.

Davies & Williams, Birmingham, for appellee.

PER CURIAM.

This is an appeal by the City of Alexander City, a municipal corporation, from a decree in equity overruling the city's demurrer to a bill of complaint.

The only grounds of demurrer are that there is no equity in the bill, that it states no cause of action against this defendant, and that whatever claim is sought to be asserted is barred by the statute of limitations of one year.

The bill is primarily for a declaratory judgment against Claude and Virginia Chappell. Section 156 et seq., Title 7, Code. It alleges in substance that the Chappells are the beneficiaries of an explosion policy of insurance issued by it to them, covering their dwelling house located in Alexander City, Alabama. That the Chappells claim their house was damaged by an explosion on April 8, 1951, and they made claim against complainant under said policy asserting that the explosion which damaged

their house was caused by blasting operations conducted under the supervision of the city. Whereas complainant claims that no damage was done to the Chappells' house by an explosion conducted by the city as claimed by them, and it is not liable to them on the policy referred to; and that there is a justiciable controversy between complainant and the Chappells as to such liability.

The bill seeks a declaratory judgment on that controversy. The trial court overruled the Chappells' demurrer to the bill, which was grounded on a want of equity, but they have not appealed nor assigned errors notwithstanding notice was given as provided in section 804, Title 7, Code.

The bill also sets out a provision in the policy contract with the Chappells whereby the insurer "may require from the insured (Chappells) an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this company". It then alleges that if any damage was done to the Chappells' house on said occasion it was by reason of the wrongful and negligent blasting operations of the city which is primarily responsible for it. It further alleges, as stated above, that there is a justiciable controversy between complainant and the Chappells, and seeks to have a declaration on that controversy, and prays that if the court decrees against complainant that it then adjudge and decree that complainant be subrogated to the claim of the Chappells against the city, and also determine whether the city is liable for the wrongful and negligent damage to the house in question.

With respect to that procedure we have discussed some of the features of applicable statutes. Liverpool & London & Globe Ins. Co. v. Federal Land Bank, 233 Ala. 591, 173 So. 91; Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69. The Wolff case involved an application of section 163, Title 7, among others. We thought the supplemental relief there referred to should more properly be brought into the proceeding after the primary controversy had been disposed of. But we would not strike down a bill because it included such supplemental relief in the alternative. That method of procedure is not here questioned, and it may be proper on account of the statute of limitations.

■ On this appeal it is only the supplemental relief which is questioned. The demurrer is only on the grounds (1) that there is no equity in the bill; (2) that the bill states no cause of action against the city; and (3) the statute of limitations. The want of equity relates to the primary relief sought. If there is no equity in respect to the declaratory judgment sought against the Chappells, it has no standing against the city. If there is equity in that respect, the supplemental relief sought against the city is available whether it is based on an equitable or legal right. Wolff v. Woodruff, supra.

■ We see no reason to doubt the primary equity of the bill. It contains the elements often repeated to invoke the declaratory judgments statute, supra. Repetition of details in that respect is unnecessary. See Title 7, section 160, Code; Teal v. Mixon, 233 Ala. 23 (5–11), 169 So. 477; Zayatz v. Southern Ry. Co., 248 Ala. 137, 26 So.2d 545, 167 A.L.R. 426; Employers Ins. Co. of Alabama v. Brooks, 250 Ala. 36, 33 So.2d 3; Brantley v. Brantley, 251 Ala. 493, 38 So.2d 8; White v. Manassa, 252 Ala. 396, 41 So.2d 395; Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29. That also involves the contention that there may be some other adequate remedy at law between the complainant and the Chappells to settle that controversy. But that, if true, is not now a good defense since the Act of October 9, 1947, General Acts 1947, p. 444, section 167, Title 7, Pocket Part, Code. The demurrer was also intended to reach the sufficiency of the Chappells' claim set up against the city, upon which to base the supplemental relief, viz., whether the bill sufficiently states a cause of action against the city, on which such right depends; and whether the bill shows the claim is barred by limitations. The demurrer does not point out any insufficiency in the statement of a cause of action, but alleges that there is no cause of action there set up. The bill does allege that if the house was damaged

by an explosion, it was done by reason of the alleged wrongful and negligent blasting operations of the city. That is a cause of action, section 502, Title 37, Code, although we do not commend it for being as completely stated as good pleading would require.

It is contended by appellant that the bill is insufficient in that respect because it does not allege that the Chappells gave the city the notice required by section 476, Title 37, Code, although the demurrer is not expressly grounded on that defect. The time there fixed is six months in tort claims (not now referring to personal injuries under section 504, Title 37, Code). But section 476, supra, is in the nature of a non-claim, and it is defensive matter and a compliance need not be averred in the complaint. Town of Linden v. American-La France & Foamite Industries, 232 Ala. 167, 167 So. 548. That would not be a good ground of demurrer had it been specially assigned.

It is also insisted that the bill shows the claim of the Chappells, if they have any against the city to which complainant claims a contractual right of subrogation, is barred by the statute of limitations of one year. The statute applies to equity. Section 31, Title 7, Code. When the suit is at law, a complaint is not subject to demurrer on account of the statute of limitations. When it is in equity it is subject to demurrer if it affirmatively appears to be barred. Greenleaf v. Profile Cotton Mills, 235 Ala. 530, 180 So. 582.

In overruling the demurrer the trial court was impressed by the case of Hunter v. City of Mobile, 244 Ala. 318, 13 So.2d 656, as holding that the six year statute would apply. But that was an action in which the plaintiff was privileged to sue in assumpsit for compensation guaranteed by the Constitution. The Court held that because it was granted by the Constitution, assumpsit would lie as on an implied contract. Probably "debt" would be a more appropriate designation, City of Anniston v. Douglas, 250 Ala. 367, 34 So.2d 467, as to which the statute of six years applies.

Kirkland v. Jefferson County, 244 Ala. 69, 12 So.2d 347; City of Anniston v. Dempsey, 253 Ala. 597, 45 So.2d 773.

In the Hunter case, supra, the suit was to recover damages for the reduction in value of real property by the construction of a municipal improvement. The compensation was provided for in section 235 of the Constitution, although there was no taking of property and no negligence in the operation. (Prior to that constitutional provision [first in the Constitution of 1875], there was no liability where there was no taking nor physical injury [City Council of Montgomery v. Townsend, 80 Ala. 489, 2 So. 155], unless of course there was a nuisance created or negligence causing injury to the value of the property.)

In the instant case, it is not alleged that the city was engaged in the "construction or enlargement of its works, highways, or improvements" in conducting the blasting operation. Section 235, Constitution. But the allegation is that the city wrongfully and negligently did the blasting. For what purpose is not alleged. The claim therefore is for the negligence of the city under section 502, Title 37, Code, and that alone. When personal injury results, the claim must be filed as required by section 504, Title 37. When it is a tort resulting in injury to property a period of six months is the non-claim provision of section 476, but the non-claim limit is two years for other causes.

It results that as the cause of action set up is not under circumstances which give rise to an action of debt or assumpsit, but it is an action on the case for a tort, not subject to the principle of an election to sue in one form or the other, and the statute of limitations of one year applies. Section 26(5), Title 7, Code.

The bill should allege facts sufficient to relieve it of that prima facie defect, and the demurrer of appellant for that reason should have been sustained.

We suggest that the claim against the city by complainant being conditioned on a

decree unfavorable to complainant in the controversy with the Chappells and supplementary to it, therefore it should wait in abeyance until the primary controversy is disposed of, because complainant may win in its controversy with the Chappells thereby disposing of its claim against the city. In the meantime complainant may amend his bill insofar as the relief against the city is concerned.

The decree overruling the demurrer of the city to the bill of complaint should be reversed and the cause remanded with leave to amend it within twenty days.

 The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.