109 So.2d 728

**Mildred Clyde HAMILTON**

v.

**CITY OF ANNISTON.**

**7 Div. 373.**

Supreme Court of Alabama.

Feb. 19, 1959.

R. A. Norred, Anniston, for appellant.

Emerson & Watson, Anniston, for appellee.

COLEMAN, Justice.

Appellant, hereinafter referred to as plaintiff, sued appellee, hereinafter referred to as the city, to recover for personal injury sustained by plaintiff as the proximate consequence of alleged negligence of the city in maintaining a public sidewalk near Anniston Memorial Hospital in a defective and dangerous condition. The complaint as amended contained three counts. Demurrer to each count was sustained, and plaintiff suffered a nonsuit and appealed. Errors assigned are the rulings sustaining demurrer to the complaint and to the counts thereof severally.

This appeal concerns construction of the following sections of Title 37, Code 1940:

"§ 476. All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

"§ 504. No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

Each count alleges that the injury was received on, "to-wit, the 9th day of August, 1955."

Count One alleges that a sworn statement of plaintiff's claim was presented to the city clerk on, "to-wit, the 16th day of June, 1956." A copy of the statement so presented is attached to the complaint and is incorporated in each count by reference.

Count Two further alleges that during the month of September, 1955, and within six months after the injury, plaintiff's husband, acting as her agent, " * * * did present said claim orally * * *" to the Chairman of the City Commission.

Count Three further alleges that during the month of September, 1955, plaintiff's husband, as her agent, did present said claim orally to the Chairman of the City Commission, who in his capacity as such

chairman with authority to supervise the streets of the city and to supervise generally the government of the city, did waive formal presentation within six months and did state in substance as follows: " 'Please wait and present this claim when the new administrator is appointed for Anniston Memorial Hospital,' " and that the new administrator was not appointed until more than six months after August 9, 1955.

The demurrer to the complaint as last amended asserts three reasons why the complaint does not show a right to recover, to wit:

(1) It fails to allege presentation of plaintiff's sworn claim within six months. (Grounds 2, 3, 5)

(2) It affirmatively shows on its face that plaintiff's sworn claim was not filed within six months. (Ground 4)

(3) It fails to allege facts showing a waiver by city of the filing of a sworn claim. (Grounds 6, 7, 8, 9)

The complaint clearly alleges that on a day prior to the day when suit was filed, a sworn statement was presented by plaintiff to the City Clerk. The only defect in the statement urged by the city is failure to file it within six months "from the accrual" of the claim. No other defect is pointed out or argued.

The defense thus sought to be interposed by the city is plaintiff's failure to comply with § 476, Title 37, Code 1940.

To support its position, the city relies on Howell v. City of Dothan, 234 Ala. 158, 174 So. 624, where it was said:

"The items for personal damages for inhaling unhealthy odors, affecting the right use of the home and health therein, are recoverable if claimed or presented within the requirements for presentation or suit. Code, §§ 1907, 2031. The effect of our cases is that any condition which creates an actionable annoyance and inconvenience to one in his home or business is an offense against his person and is a personal injury. City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201, 97 A.L.R. 114. Not having claimed and presented such element of damages to the municipality, as required by the statute, and suit not having been brought within six months of the accrual thereof, no recovery may be had in this suit for such personal injury or personal property damages. * * *." 234 Ala. 158, 161, 174 So. 624, 627.

Howell v. City of Dothan, supra, was a suit in equity, and the decree there appealed from was entered after submission on testimony. The holding was that in absence of compliance with the statute, " * * * and suit not having been brought within six months * * * no recovery may be had * * *". (Emphasis supplied.) It does not appear that any question as to sufficiency of pleading was there involved. The instant case is an action at law and this appeal seeks to review a ruling on demurrer.

Section 476, Title 37, Code 1940, appears to have been brought forward through the successive codes without change in even the slightest particular from the act approved August 13, 1907. Act No. 797, General Acts 1907, page 790, § 49, at page 818; Code 1907, § 1191; Code 1923, § 1907.

Section 504, Title 37, Code 1940, also appears to have been brought forward without change, except punctuation, from the act approved August 13, 1907. Act No. 797, General Acts 1907, page 790, § 95, at page 838. Plaintiff states in brief that the complaint must allege compliance with § 504, and there is no controversy on this point.

The question in the instant case is on pleading, and may be stated as follows: Is compliance with § 476, Title 37, a condition precedent to bringing suit against a city for personal injury; or, stated another way, is a complaint against city

for personal injury required by § 476, Title 37, to aver compliance with that code section? We hold that the question stated either way must be answered in the negative.

In City of Birmingham v. Darden, 1 Ala.App. 479, 482, 55 So. 1014, 1015, decided in 1911, the Court of Appeals said:

"As to the demurrer to the complaint, on the ground that it does not allege that the claim was presented within six months, this is a matter that should be presented by plea, and the record shows that it was presented by plea, and some of the charges asked by the defendant show that there was a presentation, which was held by the court to be legal, and there is no bill of exceptions. This is analogous to the defense of the failure to present a claim to an administrator, which, in a court of law, must be specially pleaded. Adm'r of Mardis v. Smith, 2 Ala. 382; Smith & Crawford, Ex'rs v. Huie, Adm'r, 14 Ala. 201, 206. There was no error in overruling this demurrer."

We have examined the original record in the Darden case, supra. The complaint consisted of one count which claimed damages for a nuisance maintained by defendant city, "* * * which nuisance consisted in carcasses of dead animals and other filth and garbage gathered or put in a pit * * * and would cause foul odors, obnoxious vapors and flies or other insects to come or be on plaintiff's said place of residence to such an extent that, as a proximate consequence thereof, plaintiff's said residence became less desirable as a place of residence, and plaintiff and his said family were subjected to great and frequent annoyance and discomfort by being compelled at said place of residence to inhale or smell said foul odors * * * and he and his said family were made sick, and plaintiff suffered great mental and physical pain and anguish * * *."

Defendant in that case demurred to the complaint on the ground, among others,

"2nd. It is not averred in said complaint that the claim for damages sustained by the plaintiff was presented to defendant within six months of the accrual of the same."

The trial court overruled the demurrer to the complaint, and the second assignment of error recites as follows:

"The Court erred in overruling appellant's demurrer to the Complaint."

The Darden case clearly holds that the defense of failure to present the claim within six months was not properly presented by demurrer.

There is no ground of demurrer in that case taking the point that a sworn claim was not filed as required by § 504, Title 37. The complaint does not aver that a sworn complaint was filed and there is no bill of exceptions. There is in the record, however, a plea (4) that the claim was not presented within six months, and another plea (6) that defendant "* * * was not allowed a reasonable length of time in which to act on plaintiff's claim * * * after presentation of said claim * * *." Compliance with what is now § 504, Title 37, does not appear to have been an issue on appeal in the Darden case.

In 1912, this court, in Anderson v. City of Birmingham, 177 Ala. 302, 58 So. 256, said: "Section 1191 of the Code of 1907 (§ 476, Title 37, Code 1940), * * * is a statute of nonclaims * * *" and "* * * is analogous to the statute requiring the presentation of claims to an administrator * * *. In such cases, presentation is not a prerequisite to the bringing of a suit; and, if a suit be commenced within the prescribed period, it is a sufficient presentation * * *. In the present case, the suit was begun within six months * * *." (Par. Supplied.) The holding was that a plea of non-compliance with § 476, Title 37, was subject to demurrer when suit was filed within the statutory period.

In 1915, the Court of Appeals cited the Darden and Anderson cases, supra, as authority for the following statements:

"* * * the section (§ 1191, Code 1907) (§ 476, Title 37, Code 1940) is similar to the statute of nonclaim applicable to administrators, and that a failure to file the claim is defensive matter properly available only by plea. * * * Hence it was not necessary for the complaint in this case to allege a filing of a statement of the demand sued on with the city authorities before bringing suit." (Par. supplied.) City of Huntsville v. Goodenrath, 13 Ala.App. 579, 585, 68 So. 676, 679.

We note that the Goodenrath case was for property damage and that § 504, Title 37, which relates only to personal injury, did not apply. The Darden case, supra, cited as authority, however, was for personal injury, and we are of opinion that the requirements for pleading § 476 are the same whether the claim be for damage to property or person. There is no language in the cases or the statute to justify ascribing to § 476 one requirement in an action for property damage and a different requirement in an action for injury to the person.

In Perrine v. Southern Bitulithic Company, 190 Ala. 96, 98, 66 So. 705, 706, in an action for personal injury, this court said:

"* * * Section 1191 (§ 476, Title 37) was held to be like a statute of nonclaim, and it was ruled that the bringing of the suit might answer as the presentation so far as section 1191 of the Code was concerned. * * *" (Par. Supplied.)

This court has also said:

"The presentation for payment to the clerk, under the statute, section 1907, Code, is in the nature of a nonclaim and matter to be presented as a defense. Complaints and counts are not required to aver such presentment

as a prerequisite to the commencement of such a suit. If a suit is begun within the time, it is sufficient presentation—that is, within the limitation pertaining to such an action. * * *" Town of Linden v. American-La France & Foamite Industries, 232 Ala. 167, 168, 169, 167 So. 548, 549;

and also:

"It is contended by appellant that the bill is insufficient in that respect because it does not allege that the Chappells gave the city the notice required by section 476, Title 37, Code, although the demurrer is not expressly grounded on that defect. The time there fixed is six months in tort claims (not now referring to personal injuries under section 504, Title 37, Code). But section 476, supra, is in the nature of a non-claim, and it is defensive matter and a compliance need not be averred in the complaint. Town of Linden v. American-La France & Foamite Industries, 232 Ala. 167, 167 So. 548. *That would not be a good ground of demurrer had it been specially assigned."* (Emphasis supplied.) Alexander City v. Continental Insurance Co., 262 Ala. 515, 518, 80 So.2d 523, 525.

After citing the Goodenrath case, supra, with approval, this court recently said:

"It follows that if it was not necessary to allege the filing of the claim with the city in the complaint, the allegation was surplusage and required no proof. * * *" Water Works and Sewer Board of Fairhope v. Brown, ante, p. 96, 105 So.2d 71, 75.

■ It is clear that the first proposition raised by Grounds 2, 3, and 5 of the demurrer was without merit and the court erred in sustaining the demurrer on those grounds.

■ The second and third propositions raised by Grounds 4, 6, 7, 8, and 9

**564**

of the demurrer, are also without merit. It is true that a statute of non-claim is not in all respects analogous to a statute of limitations, Branch Bank at Decatur v. Hawkins, 12 Ala. 755, 759; City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A.L.R. 970; but both § 476, Title 37, and the statute of limitations must be pleaded as a defense, and neither can be raised by demurrer in an action at law. The manner of pleading the statute of limitations was recently considered by this court in Ellis v. Black Diamond Coal Mining Company, 265 Ala. 264, 265, 267, 90 So.2d 770, 772, where this court said in pertinent part as follows:

"It is a long-established rule that where the statute of limitations is sought to be interposed as a bar to an action at law it must be specially pleaded and cannot be set up by demurrer to the complaint. * * *

* * * * * *

"* * * The bar of the statute of limitations is a matter of defense to be interposed by plea. It is not necessary for the plaintiff to anticipate such defense and plead facts in avoidance thereof. Even though a complaint at law shows on its face that the cause of action is barred by the statute of limitations the defense of the statute cannot be taken by demurrer. It can only be done by special plea. * * *"

We are of opinion that the rule thus stated for pleading the statute of limitations and the reasons therefor apply with equal force to § 476, Title 37.

Certain cases relied on by the city are not contrary to our holding in the instant case for reasons which may be stated as follows:

McCall v. City of Birmingham, 234 Ala. 164, 174 So. 630, was an action for personal injury under § 12 of an Act appearing in General Act 1915, page 298. The 1915 Act differs from §§ 476 and 504, Title 37. Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795, 796, recites in pertinent part: "Statutes of nonclaim, section 5814 (§ 210, Title 61, Code 1940) * * * and § 1907 (§ 476, Title 37, Code 1940), have been construed as not requiring an affirmative averment of compliance in the complaint, though they declare that failure of compliance is a bar to the claim." (Par. Supplied.) Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874, holds that demurrer was correctly sustained to a complaint under Acts 1915, page 294 et seq., and that plaintiff in framing her complaint failed to take into account the difference between the 1915 Act and § 1275, Code 1907 (§ 504, Title 37, Code 1940). Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63, holds that under § 1275, Code 1907 (§ 504, Title 37, Code 1940), the affirmative charge for defendant was given without error where the claim filed stated plaintiff was injured by falling into a hole between Tenth and Eleventh Avenues and the evidence showed the fall occurred between Ninth and Tenth Avenues. City of Birmingham v. Weston, supra, holds that a minor, disabled during the 90-day statutory period, was not excused from complying with the condition precedent of filing claim within 90 days as required by § 12 of the 1915 Act, General Acts, 1915, pages 294, 298.

By this decision we are not to be understood as holding that compliance with § 476, Title 37, is not necessary to recover from city for personal injury when non-compliance with that code section is properly pleaded as a defense to such an action at law. We do hold that: (1) compliance with § 476 is not a condition precedent to action at law against city for personal injury; (2) the complaint in such an action need not aver compliance with § 476; (3) demurrer to such complaint is not well taken when rested on the ground that complaint shows on its face failure to comply with § 476, or when rested on the ground that complaint fails to allege facts showing waiver by city of compliance with § 476; (4) failure of plaintiff to

comply with § 476 may be interposed as a defense to such action by special plea.

Since there was error in the judgment sustaining the demurrer, the non-suit is set aside, and the cause is reinstated and remanded so that the parties may proceed further as they may be advised.

Reversed and remanded.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.