173 So. 91

LIVERPOOL & LONDON & GLOBE INS. CO. v. FEDERAL LAND BANK OF NEW ORLEANS et al.

8 Div. 755.

Supreme Court of Alabama.

March 11, 1937.

592

F. W. Davies and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

Chas. H. Eyster and Philip Shanks, Jr., both of Decatur, for appellees.

FOSTER, Justice.

This suit was begun as an interpleader in equity by Commonwealth Insurance Company against W. R. Terry, Federal Land Bank and Liverpool & London & Globe Insurance Company, and others not necessary here to mention. Its equity and some equitable rights were declared on a former appeal. Commonwealth Ins. Co. v. Terry, 230 Ala. 125, 159 So. 822.

In so far as this appeal is concerned, it is only necessary to say that it affects claims between the Liverpool & London & Globe Insurance Company and the Federal Land Bank, primarily, and Terry and the others secondarily.

Briefly stated, it appears from the pleadings that the complainant and Liverpool & London & Globe Insurance Company had outstanding fire insurance policies on certain property belonging to Terry; the former for $500, and the latter for $2,000. Terry sued complainant and had a judgment at law for one-fifth of the amount of the loss, and also sued Liverpool & London & Globe Insurance Company, but failed to recover a judgment. The bill alleges that the Federal Land Bank had a mortgage on the property with stipulation that the mortgagor would keep the property insured with loss payable to the mortgagee. The Federal Land Bank filed an answer and cross-bill, claiming the benefit of such equitable claim on the amount of the judgment against complainant, and also sought to have a judgment against the Liverpool & London & Globe Insurance Company on its policy, without a proration of the loss on account of complainant's policy, but for the full amount of appellant's policy payable to it under a New York form of mortgagee clause, which fixes a liability without regard to whether the insured, mortgagor, has breached a condition of the policy.

To that cross-bill the Liverpool & London & Globe Insurance Company filed answer and cross-bill. It alleged that there had been no arbitration as to the amount of the loss as required, but that if there is a liability it should be proportionate with the policy issued by complainant, and, further, that insured violated the conditions of the policy so that there is no liability to him, and, therefore, that if this court should hold it liable to the Federal Land Bank notwithstanding such breaches by the insured, and notwithstanding no arbitration has been effected, that it be subrogated to the mortgage security of the Federal Land Bank against insured, and that if the court holds that it is liable to the Federal Land Bank for the full amount, but is only liable to insured for a pro rata share, then that the difference between those sums be paid to this cross-complainant insurance company out of the money paid into court by the original complainant in bringing this suit, or that the liability of this cross-complainant to the Federal Land Bank be reduced by an amount not more than such difference. It then prays for a foreclosure of the mortgage upon the payment to the Federal Land Bank of the amount adjudged by this court to be due on a final hearing of this cause.

A demurrer of the Federal Land Bank to this cross-bill of Liverpool & London & Globe Insurance Company was sustained, and this appeal is from that decree. The demurrer was addressed to the cross-bill as a whole and to its various aspects.

Appellee insists that it is subject to demurrer as a whole because it seeks inconsistent relief in some of its aspects. But the authorities relied on do not apply since the amendment to the Code section so as to make it read as section 6526 now appears. May v. Mathers, post, p. 654, 172 So. 907; Lambert v. Anderson, 224 Ala. 110, 139 So. 287.

Appellee makes no contention against the principle which allows a subrogation under the terms of the mortgagee clause when there is no liability to the insured mortgagor because of some breach by him, when the company pays the loss to the mortgagee, Tarrant Land Co. v. Palmetto Fire Ins. Co., 220 Ala. 428, 125 So. 807, but insists that appellant has no standing to pray for such relief until it shall first pay the amount to the mortgagee.

The contention would be well supported if this were an original bill whose equity depended upon the assertion of that claim. Aetna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48.

But in this suit the Federal Land Bank has impleaded in equity the Liverpool &

London & Globe Insurance Company in respect to a claim. Now the Insurance Company pleads in the alternative as it may, and says that it does not owe the bank, but if mistaken, then it is entitled to certain equitable relief, not prejudicial to the bank, because it is dependent upon the condition that and only when it shall pay the bank the amount adjudged to be due it by the Insurance Company.

The so-called cross-bill of the bank is in the nature of an original complaint making claim under the mortgagee clause of a fire insurance policy. The cross-bill of the Insurance Company therefore seeks relief against one who is in the nature of complainant and by one who is a respondent to his complaint, and the relief sought is connected with or grows out of the (first cross) bill. Section 6550, Code. It is not within the principle disapproved in Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768, but which has been enlarged by an act of the Special Session just closed; nor is it in essence a cross-bill to a cross-bill, though such is its form.

The Insurance Company is seeking by this cross-bill a right of subrogation which is expressly stipulated to exist in the same contract on which the bank seeks to recover of it. There is no new contract or parties brought into the suit. The insurance company was forced into a court of equity, and, in it, may have affirmative relief by cross-bill, and so long as it seeks to adjust the respective rights of the parties growing out of the subject matter of that suit, and as to that subject-matter the court will do full and complete justice between the parties. Emens v. Stephens (Ala.Sup.) 172 So. 95.[1] The Insurance Company makes no unconditional offer to pay to the Federal Land Bank the amount of its policy or any other sum, but the prayer for subrogation is predicated upon the condition that this shall first be done. We think a prayer by cross-bill of that sort is not improper so that the court may settle the whole controversy.

█ It is also insisted that there can be no subrogation unless the whole mortgage debt is first paid. But the mortgagee clause under which the Federal Land Bank is making claim provides for such subrogation to the extent that payment is made, and not on condition that the entire debt is paid, although it authorizes the Insurance Company to pay the entire debt at

its election and have an assignment of the mortgage.

The foregoing discussion relates to the right to affirmative relief based on the allegations of paragraph A-1. Paragraph A-2 does not set up facts on which affirmative relief is sought, and is expressive only of its relation to insured, but not even as defensive to the claim of the Federal Land Bank. We are not now concerned with the controversy with insured.

Paragraph A-3 sets up a clause in the policy providing for a proration of the loss among the several insurers, and avers that there was another insurer and that the liability of appellant does not extend to the full amount of its coverage, but that the Federal Land Bank claims the full amount. It is then averred that if the court finds that the liability extends to the full coverage by this appellant it is entitled to have the difference between such full amount and the pro rata amount paid to it out of the fund paid into court by the original complainant. Appellee bank does not controvert this claim upon the idea expressed in brief that the full amount of $2,000 on appellant's policy will discharge its claim to the $420 on the basis of its alleged lien. In that event then, and upon that disclaimer of appellee, the question simply involves the respective rights of appellant and insured to that sum, not to speak of other parties to the suit and their claims, except to the extent that appellant may be subrogated to the rights of the bank to share with it in its mortgage rights, which may include its equitable lien on the $420 fund in court along with the right to subject the land. Upon such a subrogation, the respective priorities of appellant and the bank in the foreclosure of such mortgage are not here considered.

The appeal here is from a decree sustaining the demurrer of appellee, and there is nothing involved in it in respect to a contention between appellant and insured. Whether appellant is liable to the bank for the full coverage or on a pro rata basis depends upon a construction of the contract and applicable principles of law, and involves no right to affirmative relief by cross-bill against appellee. It is set up in the answer, and it is now premature and not involved on this appeal.

█ It is also claimed that appellant's cross-bill is the proper place to present

[1] Ante, p. 295.

the asserted defense of a want of liability because of a failure and refusal to comply with a clause said to require an appraisal of the loss. This claim is in no sense the basis of affirmative relief and is only available in the answer as defensive matter.

As we understand the decree the demurrer to the cross-bill as a whole was sustained. We think it shows a right to affirmative relief of subrogation on the condition named.

The decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

