151 So.2d 739

**SARS, INC.**

v.

**Ann NICHOLS.**

**1 Div. 980.**

Supreme Court of Alabama.

April 4, 1963.

Paul W. Brock, Donald F. Pierce and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

PER CURIAM.

This is a suit brought by Ann Nichols (appellee) against Sars, Inc., (appellant) in the Circuit Court of Mobile County for personal injuries received by her in an automobile accident on Bay Bridge Causeway, a public road in Mobile County, Alabama, on May 19, 1959. The defendant pleaded the general issue and contributory negligence. Trial of the case resulted in a verdict and judgment for the plaintiff in the sum of $9,000.

Motion to set aside the judgment and for a new trial was overruled by the court and this appeal followed.

Our examination of the record shows that there is but one question in the case which warrants consideration. One of the grounds for the motion for a new trial was that plaintiff had injected so continuously into the trial of the case the fact that the defendant was indemnified by insurance as to create ineradicable prejudice. This appears to be the main position stressed in brief by appellant. This court for many years has held that the presence of insurance is a matter which calls for our close consideration. The appellant's position is based not only on the appellee's request for qualification of the jury but also on certain matters which came out in the trial of the case, which we shall set out as follows:

As to the qualification of the jury, we quote from the brief of the appellant as follows:

"* * * appellant's counsel, in the presence of appellee's counsel, gave to the trial judge a written requested qualification of the panel as to interest in or relation to appellant's insurance carrier. The court qualified the jury panel substantially in accordance with the requested qualification, * * *" [As disclosed by the record as follows:]

"Court: All right. Are any of you gentlemen an agent, officer, employee or stock holder or director of or the holder of an insurance policy with London and Lancashire Insurance Company, Limited, or are you related by blood or marriage to any officer, agent, employee or director or policy holder of the said insurance company? Are any of you an officer, employee, stock holder, director or agent, servant of Baumhauer & Company, or are any of you related by blood or marriage to any such officer, agent, servant, employee or stock holder of that company?

"Juror: I am an accountant with Baumhauer, and they are clients of ours.

"Court: Would that fact affect your verdict in this case, and prevent you from rendering a fair and impartial verdict, based on the evidence and the evidence alone?

"Juror: No sir.

"Court: It would not?

"Juror: No sir.

"Court: In other words, that relationship would not prevent you from rendering a fair and impartial verdict, based on the evidence and the evidence alone?

"Juror: Yes sir.

"Court: All right. Are there any further qualifications, gentlemen?"

The plaintiff's attorney then asked the court to further qualify the jury as follows:

" * * * I further ask the Court to qualify the Jury as to whether any juror is an employee of the company or corporation that has insurance through the local agent of Baumhauer and Company."

The defendant objected to the request and moved the court for a mistrial. The court denied the motion for a mistrial and denied the request for this further qualification.

It appears that while plaintiff, Ann Nichols, was testifying she was asked the question by her counsel, "Did any one call you and get you to sign a paper or statement on paper like this—An insurance adjuster?"

When the witness Manning was testifying on cross-examination by the plaintiff, he was asked the question, "Who else did you tell?" and the witness answered, "The insurance man."

The court sustained objection to the references respectively to insurance which we have set out, advising the jury to disregard the matter of insurance.

The injection of insurance in the trial of a damage suit always presents a difficult question for decision. In Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, this court recognized the fact that there is no horizontal rule by which we may be governed.

In this case it seems to us that counsel for plaintiff deliberately pursued a course of conduct designed to impress upon the jury that the defendant was covered by insurance. Illustrative is the fact that on one occasion after the court sustained an objection interposed by counsel for the defendant and admonished the jury that the case was not being tried on the matter of insurance coverage, counsel for the plaintiff said: "I understand that, but I take exception to the Court's statement to the Jury that insurance has no part in it."

In our opinion, this case should be reversed in order that it be tried in an atmosphere free of the prejudicial influence of insurance. The trial court made every effort to contain counsel for plaintiff within permissible limits, but his efforts, in our opinion, could not have removed the prejudicial influence of the repeated efforts on part of counsel to bring the matter of insurance before the jury.

The foregoing opinion was prepared by STAKELY, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.