Appellant Barnes brought a negligence action against Tarver for personal injuries. Barnes, a pedestrian, was hit by an automobile driven by Tarver.
Tarver was uninsured. Barnes is insured under his insurance policy issued by American Motorist Insurance Company, and under an insurance policy issued by Liberty Mutual Insurance Company to Poole Truck Line, Inc.
Barnes amended his complaint to add American Motorist and Liberty Mutual, Appellees, as additional parties defendant seeking to recover under the uninsured motorist provisions of the policies. After answering the complaint, the two insurance companies filed a cross-claim against co-defendant Tarver for any payments they were liable to pay Barnes. These cross-claims were based on the insurance companies' right of subrogation provided for in the insurance contracts.
The accident occurred around 6:00 P.M. on November 17, 1974, in front of Barnes' house. He lived in Calvert, Alabama, on U.S. Highway 43. At that time Barnes was a truck driver and owned a tractor-trailer which he leased to Poole Truck Line, Inc. The rig was parked across the two-lane highway from his home. While sitting in his living room, Barnes saw a fire in or under his truck. He went outside to investigate and while crossing the highway was struck by an automobile driven by Tarver. *Page 955 
The jury, after considering evidence of negligence and contributory negligence, returned a verdict for defendant Tarver. Judgment was also rendered by the court for Tarver on the cross-claim filed by American Motorist and Liberty Mutual.
Barnes complains that the trial judge erroneously charged the jury on the subrogation rights of the insurance companies. He objected to the following portion of the oral charge:
 "The last issue is that the Defendant Tarver had no liability insurance available; that he was an uninsured motorist. All right, lastly I must tell you this that in the event the uninsured motorist coverage is available to the Plaintiff in this case the Defendants American Motorist Insurance Company and the Liberty Mutual Insurance Company would be entitled to a judgment against the Defendant Tarver up to the limit of their respective uninsured motorist coverage. In other-words [sic], you have a situation of where under the terms of their agreement, their contracts with the Plaintiff, they would be substituted to the extent and limits of their liability for the Defendant's liability to the Plaintiff if you determine and then —."
Although the court mentioned the issue of subrogation, it was not submitted to the jury for its decision. The court admonished the jury not to consider the ultimate impact that uninsured motorist coverage or subrogation might have on the parties, but to consider and decide solely the issue of Tarver's liability to Barnes. We quote from the court's charge:
 "The first thing I am going to do is to, I will give you the evidence in this case which you will take to the jury room with you. I am going to give you a verdict form and this has only to do with whether or not Charles Edward Barnes recovers against Norman Eugne Tarver for personal injuries. I don't want you to think one thing about this uninsured motorist's coverage in this deliberation and then when you return a verdict to me, I will decide at that time whether to send you out again and ask you to answer yes or no to one question which I shall ask you. At that time — I don't want you to be concerned with that now. I want you to retire and consider your verdict as to whether for or against the Defendant Tarver on the count of the accident which occurred at the time and place which has been testified to you."
Nevertheless, it is contended that the instruction was error because the insurance companies were not subrogated to the rights of Barnes. Two reasons are asserted for this proposition: (1) the insurance companies denied Barnes' claim, thereby waiving their rights of subrogation, and (2) payment of a claim by the insurance companies is a condition precedent to the right of the insurer to become subrogated.
There was no evidence that the insurance companies denied Barnes' claim other than the fact that the insurance companies were party defendants. This was not an issue in the lawsuit.
There is no allegation that Barnes submitted a claim which was denied nor was evidence adduced to that end. Furthermore, the nature of uninsured motorist coverage distinguishes this case from the case Barnes relies on, Poole v. William Penn FireIns. Co., 264 Ala. 62, 84 So.2d 333 (1955).
In Poole the action was by Poole against a fire insurer to recover the loss of an ambulance caused by a tort-feasor. Poole filed a claim which the insurer denied. Poole sued the tort-feasor, received $3,000.00, and executed a release. Poole then instituted a suit against its insurer on the policy. The insurer claimed the suit was barred because (1) the release executed by Poole cut off insurer's subrogation rights, and (2) the consideration for the release amounted to full coverage of the policy and constituted a discharge of insurer's liability. The court held that the denial of the claim by the insurer waived its right to subrogation and Poole's action on the policy was not barred. The court noted it was the insurer's own conduct which forced Poole to proceed against the tort-feasor to save himself. 264 Ala. at 66, 84 So.2d 333. *Page 956 
The right of the insured in Poole to the benefits of the policy depended in no way upon the legal liability of the tort-feasor. The right of Barnes to recover against the insurance companies under uninsured motorist coverage depends upon the legal liability of Tarver to Barnes.[1] State FarmMutual Ins. Co., Inc. v. Griffin, 51 Ala. App. 426,286 So.2d 302 (1973); Widiss, Uninsured Motorist Coverage, § 2.17, p. 40 (1969). Every jurisdiction which has considered the issue holds that the burden of proving entitlement to coverage under an uninsured motorist endorsement is upon the claimant. See, e.g., Widiss, supra, and § 2.18 (1976 Supplement). The Court of Civil Appeals is in accord. State Farm Mutual Ins. Co., Inc. v.Griffin, supra.
We hold under these facts that mere participation in the trial by the insurance companies when joined in the suit by the claimant does not amount to a denial of liability which thereby waives their right of subrogation. Once drawn into the trial, the insurance company is not bound to sit idly by, unable to defend itself. See Oliver v. Perry, 293 Ala. 424, 304 So.2d 583
(1974).
Likewise, Barnes' contention that it is error to submit to the jury the issue of subrogation prior to payment by the insurance company is without merit. Barnes relies upon the language of the opinion of the court in Aetna Ins. Co. v. Hann,196 Ala. 234, 72 So. 48 (1916), to the effect that:
 "Before subrogation or substitution can be decreed, or the right thereto declared to exist, the insurer must have paid the insured his loss according to the contract." 196 Ala. at 240, 72 So. at 51.
While there is no disagreement that the court in Aetna
correctly stated the substantive law, its application to this case is misconceived. The claim asserted by American Motorist and Liberty Mutual against Tarver is a cross-claim allowed by Rule 13 (g), ARCP. Although this procedural device accelerates the issue of liability in respect to the time required for adjudication of the rights of the parties, it does not impinge upon their substantive rights. The right to the insurer's subrogation is dependent upon its liability to Barnes, which in turn is dependent upon Tarver's liability to Barnes. The resolution of all these issues in one lawsuit does not abridge Barnes' substantive rights. In fact, the power of the court to decide in one lawsuit the issues of the insurer's subrogation and liability on a policy of insurance was recognized long before the adoption of the Rules of Civil Procedure. Liverpool London Globe Ins. Co. v. Federal Land Bank of New Orleans,233 Ala. 591, 173 So. 91 (1937). In so holding, the court inLiverpool distinguished Aetna Ins. Co. v. Hann, supra,233 Ala. at 593, 72 So. 48.
We are aware of the rule that the presence of insurance coverage is not ordinarily permitted to be injected into the trial of the case. However, in this case Barnes, the party who complains on appeal that insurance coverage was erroneously injected into the trial, is the party responsible for the fact and therefore cannot rightfully assert that fact as error. Although the insurers' cross-claims were procedurally allowable, the trial of such issues in one case is not required. The desire of judicial efficiency is not an end unto itself. If the trial of issues joined by Rules 13 and 14 will prejudice the rights of parties to the suit, Rule 42 (b) provides a procedure to try the claims separately. No such motion was made by Barnes.
Barnes further contends that the trial judge failed to comply with Rule 49 (d) ARCP. We consider this question to be moot. Because the jury found for defendant Tarver there was no need to submit to the jury the question of subrogation. Thus, interrogations were not submitted to the jury. *Page 957 
The judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ. concur.
[1] Tit. 36, § 74 (62a), Code of Ala. 1958, Recompiled, (§32-7-23, Code of Ala. 1975), provides that uninsured motorist coverage is for the protection of persons who have such coverage and "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . ."