This is an uninsured motorist case.
An automobile driven by insured Olive was struck from the rear by an uninsured motorist, Grimes. Insured claimed injury, with medical expenses, under the uninsured motorist coverage of her policy of insurance with insurer, State Farm Mutual Automobile Insurance Co. Insured brought suit against insurer for $10,000. Insurer answered and filed a third-party complaint against uninsured motorist Grimes.
At trial insured moved for severance of the third-party action. She further filed a motion in limine to prohibit insurer from informing the jury that a verdict against it and in favor of insured would require a verdict in its favor against the uninsured tort-feasor. The motions were denied.
The actions went to trial before a jury. At the close of all testimony the court granted insured's motion for directed verdict on the issue of liability in favor of insured against insurer and in favor of insurer and against uninsured third-party defendant. The case went to the jury only on the issue of damages.
The jury returned verdicts in the amount of $650 against each defendant. Insured's motion for new trial was denied. She appealed.
Insured presents as the first issue the contention that the uninsured motorist statute (§ 32-7-23, Code of Alabama 1975) does not permit the inclusion of a subrogation clause in the uninsured motorist provision of the automobile liability insurance policy.
Insured's argument on that issue is interesting if not compelling; however, we find nothing in the pleading and trial to indicate that such a legal proposition was presented to the trial court at any point in the trial or in post trial motion. Whether or not subrogation in an uninsured motorist insurance contract is permissible is a question which must wait for answer until properly presented to a trial court. An issue may not ordinarily be presented for the first time on appeal. Greenv. Taylor, 437 So.2d 1259 (Ala. 1983); Hutchins v. Shepard,370 So.2d 275 (Ala. 1979).
Insured contends error in the denial of severance of her complaint against insurer and the third party complaint of insurer against the tort-feasor. The basic premise of the argument of insured on this issue is dependent upon resolution in her favor of the first issue, i.e., whether or not insurer *Page 312 
has a substantive right of action for subrogation against the tort-feasor. We have said that issue was not presented at trial. Therefore we consider the motion for severance as did the trial court — with the assumption that insurer had the substantive right of contractual subrogation against the tort-feasor if insured established his legal liability for damages. Upon that assumption, we find the law to be conclusive as stated by the supreme court in the case of Barnes v. Tarver,360 So.2d 953 (Ala. 1978). It was therein stated:
 "The right to the insurer's subrogation is dependent upon its liability to Barnes [insured], which in turn is dependent upon Tarver's [tort-feasor] liability to Barnes. The resolution of all these issues in one lawsuit does not abridge Barnes' substantive rights. In fact, the power of the court to decide in one lawsuit the issues of the insurer's subrogation and liability on a policy of insurance was recognized long before the adoption of the Rules of Civil Procedure. Liverpool London Globe Insurance Co. v. Federal Land Bank of New Orleans, 233 Ala. 591, 173 So. 91 (1937)."
The purpose of Rule 14, A.R.Civ.P., which provides for third-party practice, is to avoid multiple suits. The success of the suit filed by plaintiff insured against her insurer is dependent upon establishing the legal liability of the uninsured tort-feasor for the injury and damages she suffered.State Farm Mutual Automobile Insurance Co. v. Griffin,51 Ala. App. 426, 286 So.2d 302 (1973). It is established that an insurer may intervene in an action brought by its insured against the uninsured tort-feasor in order to protect its interest in the determination of the issue of legal liability under Rule 24, A.R.Civ.P. Almeida v. State Farm MutualInsurance Co., 53 Ala. App. 175, 298 So.2d 260 (1974). As inBarnes, supra, the insured may sue jointly both its insurer and the uninsured tort-feasor. In consideration of these cases, we find no reason for, nor error in, denying severance when the insurer third-parties the tort-feasor into an action brought directly against it.
Neither do we find error in thereafter denying a motion in limine seeking to prevent instruction to the jury or reference before the jury to the liability of the tort-feasor to the insurer, if it is found liable to the insured plaintiff. The logic of the argument that the jury might feel so sorry for the "poor and very sweet and lovable" but uninsured third-party defendant as to lessen an award of damages to the plaintiff fails to impress the court.
No matter how it is turned, when the insurance company is sued upon its policy which provides that it does not pay unless the uninsured motorist is liable to plaintiff, the responsibility of the uninsured must be established. The presence of insurance is established. We are unable to accept that the plaintiff is in some manner prejudiced by informing the jury that the one responsible for the necessity of the lawsuit, the third-party defendant, must be charged in the same amount of the damages awarded to plaintiff from the insurance company. The insurer would not likely be sued first if plaintiff's damages exceeded the uninsured motorist insurance coverage. The more likely course would be to establish by judgment the total legal liability of the uninsured motorist before turning to the insurer for the limits of its coverage.
It is the conclusion of this court that the trial court did not abuse its discretion in denying severance nor the motion in limine. Committee Comments, Rule 14, A.R.Civ.P.; Volkswagen ofAmerica, Inc. v. Harrell, 431 So.2d 156 (Ala. 1983).
Plaintiff's last issue is that the trial court erred in denying the motion for new trial on the ground of inadequacy of damages. It is a rule that the reviewing court will reverse a jury award of damages on the ground of inadequacy only where, after consideration of all reasonable presumptions in favor of its correctness, a preponderance of the evidence is so decidedly against it as to clearly convince the court that it is the result of bias and prejudice and is wrong and unjust.Herring v. Prestwood, 414 So.2d 52 (Ala. 1982); Pennington *Page 313 v. Yarbrough, 406 So.2d 943 (Ala.Civ.App. 1981). The rule is particularly applicable in cases where the inadequacy is charged to an award for pain and suffering. Damages for such are largely within the discretion of the jury. Stringfellow v.Rambo, 277 Ala. 349, 170 So.2d 494 (1965); Mack v. Garrison,51 Ala. App. 453, 286 So.2d 857 (Ala.Civ.App. 1973). The presumption of the correctness of the jury's verdict is strengthened by the denial of a motion for new trial by the trial judge who heard the evidence and observed the witnesses.McKinney v. Alabama Power Co., 414 So.2d 938 (Ala. 1982).
The verdict of the jury exceeded the amount of the special damages proved. The excess of the verdict over such damages was small. However, the extent of the injury of plaintiff was in conflict. The resolution of the conflict was for the jury. Contrary to argument of plaintiff, we find no showing of bias or prejudice, nor does the amount awarded indicate an abuse of the jury's discretion.
Finding no error, the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.