Defendant/third-party plaintiff, Economy Fire Casualty Company (hereinafter "Economy"), appeals from the summary judgment entered in favor of the third-party defendant, Charles Goar. In a previous appeal of this case, Economy Fire Cas.Co. v. Goar, 551 So.2d 957 (Ala. 1989), a summary judgment in favor of Goar was reversed and the case was remanded to the trial court.
On July 9, 1985, Rosella Pugh, a pedestrian, was injured when a cattle trailer dislodged from a vehicle operated by Leroy Craft, an uninsured motorist, and struck her while she was in her front yard. The cattle trailer was owned by Charles Goar and was on loan to Craft at the time of the accident. Pugh was insured by Economy, including uninsured motorist coverage of $40,000.[1]
On May 11, 1987, Pugh sued Economy and Craft. On June 18, 1987, Economy filed a motion to add Goar as a third-party defendant. This motion was granted on June 19, 1987. On September 4, 1987, Goar filed a motion to dismiss, alleging that the *Page 868 
complaint failed to state a claim upon which relief could be granted. On October 13, 1987, Goar filed an answer, asserting a general denial; he filed on that same date a motion for summary judgment, alleging that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law, and supported the motion with his affidavit denying any knowledge of defects or repairs to the trailer. On December 18, 1987, Goar's motion for summary judgment was denied by the trial court. On February 25, 1988, Goar filed a second motion for summary judgment and supported that motion with the pleadings and the answers to interrogatories. On or about March 7, 1988, Goar's second motion for summary judgment was granted. On March 11, 1988, Economy paid its uninsured motorist policy limit of $40,000 to the circuit court clerk. Economy appealed to this Court from the trial court's summary judgment in favor of Goar, and this Court reversed the trial court's summary judgment and remanded the cause. (SeeEconomy Fire Cas. Co. v. Goar, supra.)
After remand, Goar filed a motion for summary judgment on September 6, 1989, wherein he asserted three grounds: 1) statute of limitations; 2) impermissible contribution among joint tortfeasors; and 3) Economy's lack of standing to file the third-party complaint. Economy, on September 28, 1989, filed a motion and a brief in opposition to Goar's motion for summary judgment. On October 16, 1989, the trial court entered the following order:
 "Third-party Defendant having filed a Motion for Summary Judgment requesting the dismissal of the third-party complaint herein and the Court having heard arguments by all parties concerned together with briefs filed by the respective parties and after consideration of same, it is, therefore,
 "ORDERED BY THE COURT that the Motion of third-party Defendant is hereby granted on the grounds that third-party Plaintiff, Economy Fire 
Casualty Co., has no standing upon which to base a third-party action against third-party Defendant. Third-party Plaintiffs' rights arise out of a policy of insurance, on which they allege they are subrogated to the rights of Plaintiff, Pugh. This claim has not been paid.
 "It is FURTHER ORDERED BY THE COURT that third-party Defendant's Motion for Summary Judgment is specifically overruled as to the contentions that third-party Plaintiff's third-party complaint is barred by the statute of limitation of two years and that third-party Plaintiff's third-party complaint constitutes an improper use of Rule 14 in that it attempts an impermissible contribution among alleged joint tortfeasors."
Economy appeals from that order.
In entering the summary judgment, the trial court held that Economy did not have standing to bring its third-party complaint against Goar, because Economy had not paid its insured, Pugh. In Smith v. Brownfield, 553 So.2d 573 (Ala. 1989), a cross-defendant argued that the insurer/cross-plaintiff did not have the right of subrogation because there was no evidence that the insurer had paid its insured. We held in Smith, quoting from Brown MechanicalContractors, Inc. v. Centennial Insurance Co., 431 So.2d 932,937 (Ala. 1983), that a third-party defendant had no right to object to the insurer's lack of payment, because the right to payment as a prerequisite to the right of subrogation is for the benefit of the insured. Thus, the only party with standing to object to the insurer's lack of payment is the insured. Moreover, Economy paid into the circuit court its policy limit of $40,000. We hold, therefore, that Economy had standing to bring its third-party complaint against Goar.
Goar does not address the standing issue in his brief, but has elected to argue as alternative grounds for his summary judgment those grounds the trial court specifically rejected in its October 17, 1989, order. Goar argues that the applicable statute of limitations bars Economy's third-party suit and that Economy's action seeks contribution among joint tort-feasors. Pursuant to McMillan, Ltd. v. Warrior Drilling EngineeringCo., 512 So.2d 14 (Ala. 1986), we will address these issues. *Page 869 
Goar raised the statute of limitations issue for the first time in his motion for summary judgment filed on September 6, 1989, approximately two years after his initial pleading. Economy objected to Goar's failure to affirmatively plead the statute of limitations defense pursuant to Rule 8(c), A.R.Civ.P. In Wallace v. Alabama Association of ClassifiedSchool Employees, 463 So.2d 135, 136-37 (Ala. 1984), this Court held:
 "The statute of limitations is specifically listed as an affirmative defense in A.R.Civ.P. 8(c); and the rule requires that it be specially pleaded. Once an answer is filed, if an affirmative defense is not pleaded, it is waived. The defense may be revived if the adverse party offers no objection; or if the party who should have pleaded it is allowed to amend his pleading; or if the defense appears on the face of the complaint. But, specifically, a defendant 'cannot revive [the waived affirmative defense] in a memorandum in support of a motion for summary judgment.' "
(Citations omitted.) Here, like the defendant inWallace, Goar seeks to raise the affirmative defense of the statute of limitations in his motion for summary judgment. He does so two years after Economy filed its third-party complaint and he filed his motion to dismiss that complaint and answer to that complaint; in both the motion to dismiss and the answer he omitted that defense. We hold that Goar has waived the affirmative defense of the statute of limitations he now asserts as an alternative ground for granting his motion for summary judgment.
Next, Goar argues as an alternative ground for his summary judgment that Economy's complaint seeks contribution among joint tort-feasors. Goar's argument is without merit. Economy, as Pugh's uninsured motorist coverage carrier, stands in Pugh's shoes in regard to its contractual right of subrogation. Economy's claim against Goar concerns the underlying accident, wherein, had Pugh elected, she could have joined Goar. It is Craft who, as an original defendant in the lawsuit by Pugh on the underlying accident, is prohibited by the rule against contribution among joint tort-feasors from bringing suit against Goar, not Economy.
In Olive v. State Farm Mutual Automobile Insurance Co.,456 So.2d 310 (Ala.Civ.App. 1984), the court allowed the original defendant, an uninsured motorist coverage carrier, to bring a third-party action against the tort-feasor.
Accordingly, we reverse the summary judgment in favor of Goar and remand this cause.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] None of the parties contest that $40,000 was the policy limit.